

**FILED & ENTERED**

AUG 13 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY zamora    DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – Riverside Division

| | |
|---|---|
| In re<br><br>Michael Andrew Castro,<br><br>　　Debtor. | Case No. 6:11-bk-42641-SC<br><br>Chapter 7<br><br>**ORDER DENYING MOTION TO RECONSIDER ORDER DENYING MOTION TO REOPEN AND VACATING HEARING**<br><br><u>Vacated Hearing:</u><br>Date: August 19, 2015<br>Time: 11:00 a.m.<br>Courtroom 126 |

Movant John Douglass, Esq. ("Movant") filed a motion [Dk. 53] ("Motion") requesting that this Court "reconsider" its Order Denying Motion to Reopen Bankruptcy Case [Dk. 56] ("Order Denying Motion to Reopen"). Debtor filed an opposition on 7/29/2015 [Dk. 58], and Movant filed a reply [Dk. 60] ("Reply") on 8/3/2015. The Court deems this matter appropriate for disposition without oral argument, and for the reasons set forth below, the Motion is DENIED and the August 19, 2015, hearing is VACATED.

### Background

Movant previously filed a motion to reopen [Dk. 53] ("Motion to Reopen") the closed chapter 7 bankruptcy case of Michael Castro ("Debtor") for the purpose of filing

an adversary complaint against Debtor to obtain disgorgement of $25,000 in damages (referred to by Movant in his Motion as "fees," not damages) awarded pursuant to a July 2013 state court judgment ("Judgment") entered against Movant for legal malpractice. The Judgment required Movant to pay to Debtor "all damages directly and proximately caused by [Movant's] negligence," including $25,000 in "related costs and expenses" necessitated by Debtor's bankruptcy filing which "flowed directly from [Movant's] negligence." *See* [Dk. 53, Exh. A, page 7 of 8]. The Court denied the Motion to Reopen because Movant failed to establish "cause" to reopen, reopening would be futile, Movant lacked standing, and Movant could not collaterally attack the Judgment in bankruptcy court.

**Motion for Reconsideration**

According to Movant, he seeks "reconsideration" based upon the following grounds:

> Movant believes that the court misunderstands the facts of the motion and seeks reconsideration as a result.  Specifically, the Ruling asserts that Douglass' objective in moving to reopen the case is ultimately to collaterally attack the State Court judgment in the malpractice case. In reality, Douglass merely purports that the attorney's fees for the bankruptcy case should not be included in that judgment to the degree that they are excessive.

[Dk. 53, pg. 2:24-3:2]. Movant references "FRCP 60" in the caption to the Motion, but Movant does not apply Rule 60 in the Motion. Substantively, the Court believes the Motion could conceivably be based upon relief sought under either Rule 59(e) or Rule 60(b), and so the Court will address each Rule below.

Reconsideration is an "extraordinary remedy" which should be used "sparingly in the interests of finality and the conservation of judicial resources." *Kona Enter., Inc. v.*

1  *Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also Sch. Dist. No. 1J,*
2  *Multonomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (stating that
3  reconsideration should only be granted in "highly unusual circumstances"). A motion for
4  reconsideration "should not merely present arguments previously raised, or which could
5  have been raised in the initial . . . motion." *United States v. Westlands Water Dist.*, 134
6  F.Supp. 2d 1111, 1130 (E.D. Cal. 2001) (citing *Backlund v. Barnhart*, 778 F.2d 1386,
7  1388 (9th Cir. 1985)).

8       Here, Movant reiterates the same issues raised previously in connection with the
9  Motion to Reopen, concerning 1) Movant's standing, 2) Movant's claims that the
10 $25,000 damages award was, in fact, "excessive compensation" under the Bankruptcy
11 Code, *see* Motion at 4:15-16, and 3) Movant's claims that the state court lacked
12 jurisdiction to render the $25,000 award because "Federal law . . . precludes the
13 decision of the State Court in the malpractice case [because] [t]he determination of
14 compensation is within the purview of the Bankruptcy Court and not a State Court," *see*
15 Motion at 4:19-21.  This Court denied the Motion to Reopen for several reasons,
16 including: 1) Movant's lack of standing, 2) the futility of reopening, 3) Movant's failure to
17 establish "cause" to reopen, and 4) Movant's impermissible attempt to collaterally attack
18 the Judgment.

19      Notwithstanding the lack of standing and application of *Rooker-Feldman*
20 (addressed below), Movant has failed to meet his burden under Rules 59(e) or 60(b) for
21 reconsideration of the Order Denying Motion to Reopen.

**Rule 59(e)**

The Ninth Circuit has set forth the grounds justifying reconsideration under Rule 59(e):

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). While a Rule 59(e) motion is not limited to those four grounds, alteration or amendment of a judgment is "an extraordinary remedy which should be used sparingly." *Id*. (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999) (*en banc*)).

Here, Movant has failed to provide sufficient evidence to support reconsideration under Rule 59(e). Movant alleges that the Court "misunderstands" the facts of this case. To the contrary, the Court is, and has been, fully cognizant of Movant's efforts to relitigate and reduce the amount of the Judgment by seeking to reopen the bankruptcy case to seek "disgorgement" of the $25,000 in "fees" (damages awarded) that Movant paid to Debtor pursuant to the state court Judgment. These "fees" consisted of one component of damages contained in the state court Judgment. The state court has determined this issue, and in fact, reduced this component of damages sought by Debtor by approximately 50%.  Any challenges to the reasonableness or appropriateness of this $25,000 damages award should have been, and perhaps was, raised in connection with the state court proceeding.

**Rule 60(b)**

A motion for reconsideration also may be brought under Rule 60(b) if the moving party can show (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Relief under exception (6) above requires a finding of "extraordinary circumstances." *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

Here, Movant has failed to provide sufficient evidence to support reconsideration under Rule 60(b). Movant has not shown any mistake or excusable neglect, but instead Movant merely recites arguments already raised in connection with the Motion to Reopen. Because Movant has not cited any specific subsection of Rule 60, however, the Court feels obliged to address the "catch-all" provision of Rule 60(b)(6). *See Fruehauf Trailer Corp. v. Harrow*, 2013 WL 816446, at *9 (C.D. Cal. Mar. 5, 2013) *aff'd sub nom. In re Fruehauf Trailer Corp.*, 600 F. App'x 557 (9th Cir. 2015) (noting trend in Ninth Circuit toward considering the "catch all" provision of Rule 60(b)(6) even where movant never cited to or raised arguments under that subsection) (citations omitted).

Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (citations omitted).

The Court is unable to discern "any other reason that justifies relief" pursuant to Rule 60(b)(6). At bottom, the Motion rehashes the same arguments raised in connection with the Motion to Reopen. While Movant addresses, for the first time, the issue of

1  standing, Movant's purported "injury" stems directly from the Judgment, which this Court
2  lacks authority to undermine. Nonetheless, as set forth below, Movant lacks standing
3  and *Rooker-Feldman* applies. As a result, there is no basis for relief under Rule 60(b)(6)
4  or any other subsection of Rule 60.

**Movant Lacks Standing to Reopen**

6      To establish constitutional standing, "a plaintiff must adequately establish: (1) an
7  injury in fact (*i.e.*, a concrete and particularized invasion of a legally protected interest);
8  (2) causation (*i.e.*, a fairly traceable connection between the alleged injury in fact and
9  the alleged conduct of the defendant); and (3) redressability (*i.e.*, it is likely and not
10  merely speculative that the plaintiff's injury will be remedied by the relief plaintiff seeks
11  in bringing suit)." *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 273-74
12  (2008) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)) (internal
13  quotations omitted). A "particularized" injury means one that affects the plaintiff in a
14  personal and individual way. *Lujan*, 504 U.S. at 561 n.1. *Goldenberg v. Deutsche Bank*
15  *Nat'l Trust Co. (In re Papazov)*, 2013 Bankr. LEXIS 4665, 22-23 (B.A.P. 9th Cir. May 30,
16  2013).

17      Here, Movant did not have a legally protected interest in connection with Debtor's
18  bankruptcy filing.  Movant was not a creditor in Debtor's bankruptcy case.

19      The Court emphasizes that the issue of standing was raised in Debtor's
20  opposition to the motion to reopen [Dk. 47]. Moreover, the standing issue was raised in
21  the Court's tentative ruling, which was posted a few days in advance of the July 1, 2015
22  hearing on the Motion to Reopen. Movant has never responded to the standing issue,
23  other than a conclusory statement in his Reply in support of the Motion to Reconsider,
24

wherein Movant flatly states that "Douglas is entitled to the disbursement and therefore has standing to reopen. . . ." Reply at page 3, line 12.

Movant's counsel Mr. Todd Turoci ("Mr. Turoci") failed to appear at the July 1, 2015 hearing. Instead, Mr. Turoci sent an appearance attorney, Ms. Marjorie Johnson ("Ms. Johnson"), who was unprepared to engage in a substantive discussion of the issue of standing. As the transcript of the July 1, 2015 hearing reflects:

> Judge:  Where is movant's counsel?
>
> Ms. Johnson:  Mr. Turoci had an appearance in another court at this time. That's why he couldn't be here today.
>
> Judge:  So, he chose to file this motion, set the motion for this time, and not come?
>
> Ms. Johnson:  A matter came up out of state, so he had to be in another location.

*See* Transcript at 11:07 a.m.  Mr. Turoci never filed a motion for continuance and did not attend the hearing even though he self-calendared the Motion for that date.  Ms. Johnson made an oral request for a continuance to brief the issue of standing, which the Court denied. To the extent that Movant has not already waived the issue of standing, the Court points out that the only "injury" alleged by Movant flows directly from the Judgment itself, which this Court lacks jurisdiction to review and redress, as discussed below.

### *Rooker-Feldman*

The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those

7

1 judgments." *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284
2 (2005).
3       Here, Movant asserts that he has a "right to recover the overpayment of fees"
4 and that he has a "right to the refund." Motion [Dk. 53] at 3:21-23. Movant's purported
5 injury—his alleged "right to a refund"—arises out of an unfavorable judgment in state
6 court, which awarded Debtor—as a component of legal malpractice damages—
7 $25,000, which Movant paid. Movant now seeks to reopen his bankruptcy case for the
8 purpose of recouping those amounts from the Debtor.
9       Movant asserts that he "is not here as the loser of a malpractice claim, but,
10 rather, . . . the pocket out of which [Debtor's] Bankruptcy fees were paid." Motion [Dk.
11 53] at 4:1-2. Even assuming *arguendo* that the $25,000 damages awarded under the
12 Judgment were "bankruptcy fees," *Rooker-Feldman* still applies because Movant's
13 injury still stems directly from the Judgment (*i.e.*, as Movant puts it, he remains "the
14 pocket" out of which such "fees" were paid). *See Bianchi v. Rylaarsdam*, 334 F.3d 895,
15 900-01 (9th Cir. 2003) (where injury stems from state court judgment itself, federal
16 courts lack jurisdiction to redress that injury under *Rooker-Feldman*). Movant was never
17 a creditor in Debtor's bankruptcy case, and but-for the Judgment, he would have no
18 stake Debtor's bankruptcy case.
19       Although not styled as an appeal, the relief sought by Movant in this instance,
20 constitutes the functional equivalent of an appeal. Movant's claims that the state court
21 lacked jurisdiction by awarding "excessive compensation" are, in substance, a *de facto*
22 appeal of the Judgment, which is impermissible. *See Doe v. Mann*, 415 F.3d 1038,
23
24

1043 n.6 (9th Cir. 2005) ("*Rooker–Feldman* applies where the plaintiff in federal court claims that the state court did not have jurisdiction to render a judgment.").

### Conclusion

For all these reasons, the Motion is DENIED. The Court deems this matter appropriate for disposition without oral argument. Therefore, the August 19, 2015, hearing is hereby VACATED.

###

Date: August 13, 2015

Scott C. Clarkson
United States Bankruptcy Judge